Sanford Campbell and Yetta Campbell v. Commissioner. George Manning and Jean Manning v. Commissioner.
Campbell v. Commissioner
Docket Nos. 3344-67 3371-67.
United States Tax Court
T.C. Memo 1970-126; 1970 Tax Ct. Memo LEXIS 234; 29 T.C.M. (CCH) 539; T.C.M. (RIA) 70126; May 26, 1970, filed. *234 Held: Interest deductions were not allowable, in the computation of petitioners' distributive shares of partnership income, for the taxable year in which certain loans, net of various loan fees, were made to the cashbasis partnerships here involved. Those parts of the loan fees properly characterized as interest would be deductible only when paid by the partnerships and not in the year they were merely deducted from the loan account on the lender's books. Edward I. Wallach 1010 Society Nat'l Bank Bldg., Cleveland, Ohio, for the petitioners. Harvey N. Shapiro, for the respond vestigation here involved. Those parts of the loan fees properly characterized as interest would be deductible only when paid by the partnerships and not in the year they *235 were merely deducted from the loan account on the lender's books. Edward I. Wallach 1010 Society Nat'l Bank Bldg., Cleveland, Ohio, for the petitioners. Harvey N. Shapiro, for the respondent. HOYT
Memorandum Opinion HOYT, Judge: Respondent determined deficiencies in the Federal income taxes of petitioners as follows: Docket No.
Petitioners
Year
Amount
3344-67
Sanford Campbell
1963
$1,635.93
and Yetta Campbell
1964
430.73
3371-67
George Manning and
1963
1,302.64
Jean Manning
After various concessions, the sole issue remaining for our decision is whether a deduction is properly allowable, in the computation of petitioners' distributive shares of partnership income, for the fees charged by a bank in connection with certain construction loans. All of the facts have been stipulated and are found accordingly. The stipulation of facts, together with the related exhibits, is incorporated herein by this reference. At the time of filing their petition herein, Sanford and Yetta Campbell, husband and wife, resided in Cleveland Heights, Ohio. Their joint income tax return for the taxable year 1963 was filed with the district director *236 of internal revenue at Cleveland, Ohio. At the time of filing their petition herein, George and Jean Manning, husband and wife, resided in Rocky River, Ohio. Their joint income tax return for the taxable year 1963 was filed with the district director of internal revenue at Cleveland, Ohio. Yetta Campbell and Jean Manning are parties to this proceeding solely by virtue of having filed joint returns with their respective spouses, Sanford Campbell and George Manning. The designation of "petitioners" will hereinafter refer solely to Sanford Campbell and George Manning. In 1963, each of the petitioners had 25 percent interests in a partnership known as "Washington & Devonshire," which partnership owned and operated two apartment buildings. 540 In 1963, each of the petitioners had 25 percent interests in a partnership known variously as "Valley Road Apartments" and "MCM Company," (hereinafter referred to as Valley Road Apartments). That partnership in the year 1963 was in the process of constructing an apartment building for rental purposes. On May 24, 1963, the Washington & Devonshire partnership borrowed $360,300 from Union Savings Association for 18 months for the purpose *237 of constructing apartments on Washington Boulevard in Elyria, Ohio. This construction loan was to bear interest of 6 i/4 percent. In addition, a loan fee of 1.5 percent or $5,404.50 was charged by Union Savings Association in connection with this loan. On June 18, 1963, the Washington & Devonshire partnership borrowed $109,000 from the Union Savings Association for 12 months for the purpose of constructing apartments on Devonshire Avenue, in Cleveland, Ohio. This construction loan was to bear interest of 6 percent. In addition, a loan fee of 1.5 percent or $1,635 was charged by Union Savings Association. Thus, total loan fees of $7,039.50 were charged the Washington & Devonshire partnership by Union Savings in 1963. On November 20, 1963, the Valley Road Apartments partnership borrowed $448,000 from Union Savings Association for 18 months for the purpose of constructing apartments in Applewood Valley, Ohio. This construction loan was to bear interest of 6 percent. In addition, a loan fee of 2 percent or $8,960 was charged Valley Road by Union Savings Association. The partnerships here involved made applications to Union Savings Association for mortgage loan commitments relating *238 to the above-described loans. Union Savings issued its mortgage loan commitment, indicating the total amount of the mortgage loan, the interest rate, the monthly installments for repayment, the terms of the loan, the loan fee to be charged, the real estate which was to secure the loan, the documents which would be needed to close the loan, and miscellaneous other items pursuant to which the loan would be made. At all times, the borrowers had the right to make payments of expenses and interest charged, including the loan fees, out of other available funds and to furnish Union Savings Association proof of payment thereof prior to the filing of the construction loan mortgages. Payment of the loan fees out of the borrowers' own funds would not have resulted in a reduction of the face amount of the loan. The entire principal amounts of the loans described above were made available to the respective borrowers through the escrow department of Union Savings Association, subject, however, to the lender's rights to have deducted and withheld therefrom its charges in the event the borrower failed to exercise its right to make such payments out of other funds. With regard to each loan described *239 above, in accordance with the instructions of the borrower involved, and upon proper application, expenses pertaining to the origination of the loan involved, including the loan fees referred to above, were deducted from the corresponding construction loan account by the escrow department of Union Savings Association. No amount of any of the aforementioned loans was repaid in 1963. The partnerships involved and the individual petitioners computed their incomes and deductions for income tax purposes on the cash basis method of accounting. In its U.S. Partnership Return of Income for the taxable year 1963, the Washington and Devonshire partnership reported interest expenses of $20,444.46, of which $7,039.50 was attributable to the loan fees deducted by Union Savings Association from the construction loans made to the partnership during that year. The return reflected a net loss of $31,086.77. In its U.S. Partnership Return of Income for the taxable year 1963, the Valley Road Apartments partnership reported interest expenses of $10,739.17, of which $8,960 was attributable to the loan fees deducted by Union Savings Association from the construction loans made to the partnership *240 during that year. The return reflected a net loss of $11,521.90. On their respective joint income tax returns for the taxable year 1963, petitioners deducted their shares of the net losses reported by the two partnerships, such losses being comprised in part by the aforementioned loan fees of $7,039.50 and $8,960 charged by the Union Savings Association. In his notices of deficiency, with respect to the taxable year 1963, respondent determined, inter alia, that petitioners were not entitled to deduct those parts of the reported 541 partnership losses attributable to the loan fees charged by Union Savings Association. The explanation for the disallowance of these deductions, in both notices of deficiency, read, in part, as follows: Section 163 of the Internal [Revenue] Code provides that interest expense of a cash basis taxpayer is deductible only when paid. It has been determined that taxpayer has not made payment of this amount, but has merely executed a promise to pay a sum certain at a later date which amount includes the bonus or fee discussed above. Since no actual cash payment has been made the deduction would be deferred until the loan is repaid. *241 * * * The parties are in agreement that the loan fees in question were in essence additional interest charges on the loans. Their only disagreement, the sole issue presented for our decision, is as to when these interest charges should be considered paid. As pertinent to a cash basis taxpayer, section 163(a) [1] provides that a deduction shall be allowed for "all interest paid * * * within the taxable year on indebtedness." Accordingly, in order for the cash basis partnerships involved here to have properly deducted the loan fees in question in their computations of petitioners' distributive shares of partnership income, they must have "paid" the loan fees in 1963, the year of the claimed deductions. Even casual research reveals a number of cases which control the disposition of the case before us. See, e.g., ; ; , affd. (C.A. 7, 1946), certiorari denied ; and . *242 Essentially, these cases have looked upon the type of financial transaction involved here, where a lender deducts a certain amount of interest or discount charge from the face amount of a loan, as, in substance, a loan of the net amount disbursed to the borrower; the note that the borrower executes evidences his indebtedness for the net amount borrowed, plus interest. This transaction by itself does not represent the payment of interest in the case of cash basis taxpayers. The interest will be considered paid upon the payment of the note. The facts of record here disclose that petitioners and their partnerships are on the cash basis of accounting and that no payments on the notes involved were made during 1963. Accordingly, we can only conclude that no interest thereon was paid in the year before us. See also . Petitioners argue that the full amounts of the loans from Union Savings Association were under the control, or effectively in the "pockets," of the two partnerships. Having instructed the escrow agent to deduct the loan fees from the loans, the proceeds of which being under the partnerships' control, the *243 petitioners urge that the partnerships should be considered to have paid the fees as a result of the carrying out of such instructions. Without passing on the validity of this contention, we must reject it because here the partnerships never had control over those parts of the loan proceeds allocable to the loan fees eventually deducted by the escrow agent. While the entire principal amounts of the loans were made available to the partnerships through the escrow department of Union Savings Association, the Association had the right to have the loan fees, inter alia, deducted from the loan proceeds in the event that the partnerships failed to exercise their right to make such payments out of other funds. Thus, it is quite obvious that the partnerships did not have sole control over those parts of the loan proceeds allocable to the loan fees; they only had a right to these particular portions of the loan proceeds conditional upon their performing a further act, i.e., paying the loan fees out of other funds. The record does not disclose any such payments during 1963. Having concluded that the loan fees in question were not paid, within the meaning of section 163(a), in the taxable *244 year 1963, we hold that such fees cannot properly be allowed as an interest deduction for that year. Being on the cash basis, petitioners' partnerships are only entitled to deduct interest actually paid in the tax year involved. ; . The respondent's determination is sustained. Decisions will be entered for the respondent. 542 Footnotes
1. All section references are to the Internal Revenue Code of 1954.↩